819 F.2d 1142
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl Dewayne GOODLETT, Petitioner-Appellee,
v.
William SEABOLD, Warden Respondent-Appellant.
 No. 86-5854.
 United States Court of Appeals, Sixth Circuit.
 June 5, 1987.
 
 Before KRUPANSKY and GUY, Circuit Judges, and GILMORE,* District Judge.
 PER CURIAM.
 
 
 1
 This matter is before the Court on appeal from the District Court's order granting petitioner-appellee's petition for writ of habeas corpus under 28 U.S.C. Sec. 2254.
 
 
 2
 Petitioner was convicted in a Kentucky trial court by a jury on August 20, 1984, for first degree assault, and sentenced to ten (10) years imprisonment. At the time of trial, he was not represented by counsel. The state trial judge had found that petitioner did not qualify for appointed counsel under K.R.S. 31.100(3), which defines a needy or indigent person as: "A person who, at the time his need is determined, is unable to provide for the payment of an attorney and all other necessary expenses of representation." K.R.S. 31.120(3) additionally provides that ownership of real property is prima facie evidence that a person is not needy or indigent.
 
 
 3
 The record discloses that, at the time of his trial, petitioner's assets exceeded his liabilities by about $3,500 because of his ownership of certain real property. Petitioner claims he was unable to liquidate the real property to obtain counsel in time for trial because he was incarcerated. After petitioner's arrest, he had retained counsel, whom, however, the Court permitted to withdraw on July 17, 1984. Petitioner was then incarcerated on July 30, with trial scheduled to begin August 6. On August 3, 1984, he filed an affidavit of indigency and sought appointment of a public defender. The next day, August 4, 1984, the state trial judge ruled that petitioner did not qualify as an indigent and denied him representation by a public defender. The trial judge adjourned trial from August 6, 1984 to August 20, 1984 to give petitioner time to obtain counsel.
 
 
 4
 During that period of time, petitioner did not obtain counsel, and continued to claim a right to appointed counsel. He went to trial on August 20 and was convicted of first degree assault, without the assistance of a lawyer.
 
 
 5
 This Court is unable to determine from the record whether there was a violation of petitioner's Sixth Amendment right to counsel. Therefore we remand this matter to the District Court to conduct an evidentiary hearing to provide a record from which it might be determined whether there was a violation of petitioner's Sixth Amendment right to counsel. Specifically, the issue is whether petitioner knowingly and intentionally waived his Constitutional right to counsel. Johnson v. Zerbst, 304 U.S. 458 (1938).
 
 
 6
 On remand, the District Court should make findings on the following points, among others:
 
 
 7
 1. Did petitioner make any effort to retain counsel during the two-week continuance?
 
 
 8
 2. Did the petitioner, as a practical matter, have sufficient assets to retain counsel prior to trial?
 
 
 9
 3. As a practical matter, did petitioner have sufficient time, considering all of the circumstances, to make the necessary arrangements to retain counsel?
 
 
 10
 4. Could petitioner have retained an attorney by quit-claiming the real estate he owned?
 
 
 11
 5. Was petitioner's failure to obtain counsel due to a desire to delay trial?
 
 
 12
 6. Did petitioner own sufficient personal property that could have been sold, even though encumbered, to obtain counsel?
 
 
 13
 The Court in no way intends the above to be an exhaustive list. The District Court should pursue all other lines of inquiry relevant to the issue of whether petitioner knowingly and voluntarily waived his Sixth Amendment right to counsel.
 
 
 14
 Therefore, this case is remanded to the District Court to make the above findings, and report the same to this Court.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation